St. Germain v Seaman (2022 NY Slip Op 03979)

St. Germain v Seaman

2022 NY Slip Op 03979

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Acosta, P.J., Kapnick, Friedman, Mendez, Higgitt, JJ. 

Index No. 158114/15 Appeal No. 16136-16137-16138 Case No. 2021-02084 2021-02085 2021-02086 2021-02087 

[*1]Adelquine St. Germain, Plaintiff-Respondent,
v
Rebecca Seaman Also Known as Rebecca Diane Colin et al., Defendants-Respondents, The New York City Transit Authority, Defendant-Appellant, Jones Lang LaSalle Americas Inc., et al., Defendants. 

Anna J. Erovolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for Adelquine St. Germain, respondent.
Quirk & Bakalor, P.C., Garden City (Loretta A. Redmond of counsel), for Rebecca Seaman and Eva Usdan & Samuel Flug Colin 2004 Legacy Trust, respondents.
Ahmuty, Demers & McManus, Albertson (Nicholas M. Vevante of counsel), for HSBC Bank USA, National Association, respondent.

Orders, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about May 19, 2021, which, to the extent appealed from, denied defendant New York City Transit Authority's (NYCTA) motion for summary judgment dismissing the complaint and cross claims against it and granted the motion of defendants Rebecca Seaman a/k/a Rebecca Diane Colin and Eva Usdan & Samuel Flug Colin 2004 Legacy Trust (together, Colin) for summary judgment dismissing the complaint, cross claims, and counterclaims against them, unanimously affirmed, without costs.
In areas that serve primarily for ingress and egress to a subway or other similar station that is served by a single carrier, the carrier must maintain such an area (and the evidence shows it had done so in the past), even if the area is owned and maintained by another, so long as the area is constantly and notoriously used by its passengers as a means of approach (see Bingham v New York City Tr. Auth., 8 NY3d 176, 180-181 [2007]). Here, the location of plaintiff's fall was such an area, and because of its location, directly adjacent to the top step of the subway staircases, with a lamp post between it and the curb, rendering it not practical or accessible to those passing by and not entering the station, it was not akin to a common thoroughfare (see McGuire v City of New York, 211 AD2d 428 [1st Dept 1995]). Thus, the court correctly denied NYCTA summary judgment based on its conclusion that NYCTA had a duty to maintain the area in a reasonably safe condition. The court also correctly found that NYC Administrative Code § 16-123 did not apply to adjacent landowner Colin given that the snowfall ended during the night and plaintiff fell at 4:30 a.m. (see Bi Fang Zhou v 131 Chrystie St. Realty Corp., 125 AD3d 429 [1st Dept 2015]). Issues of indemnity between the owner, lessee and contractors are rendered academic in light of the foregoing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022